FILED
SUPERIOR COURT
OF GUAM

2020 JUN 16 PM 4: 26

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0249-20 |
| vs. | **DECISION AND ORDER** |
| ANSON SIREN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 16, 2020, for hearing on Defendant Anson Siren's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via videoconference with counsel, Assistant Public Defender Kristine Borja appearing via teleconference. Assistant Attorney General Brendlynn O. Joseph was present on behalf of the People of Guam via teleconference. In accordance with its ruling from the bench on June 16, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On May 8, 2020, Defendant was charged with: (1) Aggravated Assault (As a Second Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Aggravated Assault (As a Third Degree Felony), with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (3)

*People v. Siren*
Case No. CF0249-20
Decision and Order

Aggravated Assault (As a Third Degree Felony); and (4) Family Violence (As a Third Degree Felony). (Magistrate's Compl., May 8, 2020). These charges stem from allegations that Defendant was fighting with Saki Mateus and stabbed him with a kitchen knife. (Decl. of Dannis L. Le, Magistrate's Compl., May 8, 2020). Guam Police Department ("GPD") Officers who responded to the scene observed a one-inch tear on the back of Mr. Mateus' shirt with a laceration and possible puncture wound beneath. *Id.* GPD Officers were initially unable to locate Defendant and left the scene, but returned approximately two hours later after Defendant was reported returning to the residence. *Id.* Defendant was described as wearing a red shirt with a black design on the front with grey shorts and having "Anson" tattooed on one forearm and "Siren" on the other. *Id.* During a sweep of the area for Defendant, GPD Officer A.M. Perez saw a male wearing a red shirt who ducked into some parked vehicles when he saw the GPD vehicle. *Id.* The individual attempted to flee when Officer Perez approached him on foot. *Id.* Once Officer Perez subdued him, he confirmed that the individual's clothing and tattoos matched the description of Defendant. *Id.*

On June 4, 2020, Defendant filed the instant Motion. Defendant is confined pending the posting of five thousand dollars ($5,000) cash bail. *See* Commitment Order, May 8, 2020.

The Government did not file a written opposition to Defendant's Motion for Bail Redetermination but indicated its opposition to the Motion orally.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollars ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jun. 4, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)    length of his/her residence on Guam;

    (ii)    his/her employment status and history, and financial condition;

    (iii)    his/her family ties and relationships;

    (iv)    his/her reputation, character and mental and physical condition;

    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)    his/her history relating to drug or alcohol abuse;

    (vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is not a flight risk because he has family on Guam, that he was working prior to his arrest, and that he has no criminal history. *See* Mot. Bail Redetermination at 3.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community and Defendant's ability to follow court orders. The Court is greatly concerned with the allegation that Defendant fled from GPD officers on the night of the offenses forming the basis of the charges. *See* Decl. of Dannis L. Le, Magistrate's Compl., May 8, 2020. The Court has no confidence at this time that Defendant will report to probation, return to court as ordered, and follow any other conditions of release on his own. Further, Defendant faces aggravated assault charges whereby its alleged that he stabbed the victim in this matter with a knife. The Court is concerned about the serious nature of this offense. Defendant faces up to thirty-five (35) years imprisonment should he be found guilty of Aggravated Assault (As a Second Degree Felony) and the attached Special Allegation. *See* 9 G.C.A. §§ 80.30(b); 80.37(a). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** *nunc pro tunc* **to June 16, 2020,** this ___ day of June, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam